IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALL COUNTY CUMBERLAND,

Plaintiff,

v.                                                             1:14-cv-01110-WSD

DEREK HARRIS,

Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's

Report and Recommendation ("R&R") [3], which recommends that this action be

remanded to the Magistrate Court of DeKalb County.

## I.    BACKGROUND

On April 1, 2014, All County Cumberland initiated a dispossessory

proceeding against Derek Harris ("Harris") in the Magistrate Court of DeKalb

County, Georgia.  On April 17, 2014, Harris, proceeding *pro se*, removed the

DeKalb County action to this Court.  Harris appears to assert that there is federal

subject-matter jurisdiction based on the existence of a question of federal law.  He

claims that the dispossessory action violates "15 USC 1692, [28 U.S.C. § 1367,

28 U.S.C. § 1446] [and] Rule 60 of the Federal Rules of Civil Procedure . . . "

Harris also contends that the dispossessory action violates the Due Process Clause

of the United States Constitution.

On April 17, 2014, Magistrate Judge Vineyard issued his R&R,

recommending that the Court remand this action to state court for lack of subject

matter jurisdiction.  The Magistrate Judge found that the underlying pleading in

this action shows that this is a dispossessory action based only on state law.

Noting that a federal law defense or counterclaim alone is not sufficient to confer

federal jurisdiction, Judge Vineyard found that the Court does not have federal

question jurisdiction over this matter, and that this case is required to be remanded

to state court.

On April 25, 2014, Harris filed his "Objections" to the R&R in which he

alleged that the "Northern District Court has jurisdiction in 'Equity Cases' [GA.

Const. Art. 6, § 4, 1]."

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v.

Wainwright, 681 F.2d 732 (11th Cir. 1982).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B.    Analysis

The Court agrees with the R&R's conclusion that the Court lacks federal question jurisdiction over this matter.  It is well-settled that federal question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal subject matter jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830-32 (2002).  In his Objections to the R&R, Harris contends that a provision concerning the jurisdiction of the Superior Courts in the Georgia Constitution vests the Court with jurisdiction over the dispossessory action.  That provision is inapplicable because it vests jurisdiction in the superior courts of the State of Georgia, and cannot create jurisdiction in a United States District Court.

Having considered the R&R *de novo*, the Court concludes that it lacks subject matter jurisdiction over this matter and adopts the Magistrate Judge's recommendation that this case be remanded to the Magistrate Court of DeKalb County.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell Vineyard's Final Report and Recommendation is **ADOPTED** [3] and the Clerk of Court is **DIRECTED** to **REMAND** this action to the Magistrate Court of DeKalb County, Georgia.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Extension of Time to Conduct Discovery is **DENIED AS MOOT** [6].

**SO ORDERED** this 14th day of May 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

4